NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEA BOSKET, et al. | |
| Plaintiffs, | CIVIL NO. 05-5936 (SRC) |
| v. | |
| J.C. PENNY COMPANY, INC., et al. | **OPINION** |
| Defendants. | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand this matter to the Superior Court of New Jersey[1] (docket entry # 2).  The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, **DENIES** Plaintiffs' Motion.

I.   BACKGROUND OF THE CASE

On or about November 3, 2005, Plaintiffs Bea and Ronald Bosket filed suit in New Jersey Superior Court, Ocean County New Jersey, asserting a products liability action against

---

[1] The Plaintiffs' pleading was filed as a "Certification in Opposition to Defendant's Notice of Removal" in this case.  For procedural purposes, however, the Court will treat this "opposition" as a Motion to Remand the case.

Defendants Sunbeam Products, Inc. ("Sunbeam") and J.C. Penny Company, Inc. ("J.C. Penny") for damages allegedly caused by a defect in an electric blanket resulting in a residential home fire that destroyed the Plaintiffs' home and caused severe personal injuries.

Defendants moved to properly and timely removed this case to Federal Court on December 21, 2005. The Removal Notice set forth the basis for removal, including diversity of citizenship between the Plaintiffs and Defendants, the amount in controversy, and that the removal notice was timely filed. Finally, the Removal Notice included a signed Joinder in Removal, reflecting Defendant J.C. Penny's consent for the Removal.

On December 29, 2005, Plaintiffs served and filed a "Certification in Opposition to Defendant's Notice of Removal." For procedural purposes, this Court will treat Plaintiff's "opposition" as a Motion to Remand. Defendant Sunbeam submitted a brief in opposition to Plaintiff's motion to remand the case to state court.

## II. DISCUSSION

The Defendants' Removal Notice fully satisfies the defendants' burden of establishing that removal is proper. See Boyer v. Snap-On Tools Corp., 913 F.2d 108 (3d Cir. 1990), *cert den*, 498 U.S. 1085 (1991). Under federal law, a timely removal is proper under 28 U.S.C. § 1332(a) if jurisdiction is based on diversity of citizenship and the removing party establishes: (a) complete diversity between the parties; and (b) the amount in controversy exceeds $75,000, exclusive of interests and costs. In this case, the Defendants are both Delaware Corporations, one with a principal place of business in Florida and the other with a principal place of business in Texas. The Plaintiffs, at the time of the accident, were both residents of New Jersey.

Although the Plaintiffs currently reside in Maryland, neither claim to be citizens of Florida, Texas or Delaware.  The amount in controversy, based on the Plaintiff's claimed injuries, exceeds $75,000.  Neither the diversity of citizenship nor the amount in controversy elements of jurisdiction are disputed by the Plaintiffs.

It is also not contested that the Defendants' Removal Notice was filed in a timely manner, within 30 days of Defendant Sunbeam being served with Plaintiffs' complaint.  It is further uncontested that all the Defendants consented to the removal, and that the Removal Notice complied with the form requirements of 28 U.S.C. § 1446.

The basis of the Plaintiffs' argument appears to rely on a misreading of 28 U.S.C. § 1446 and a confusion between the elements of subject matter jurisdiction and personal jurisdiction in federal courts.  Plaintiffs' argue that, because 28 U.S.C. § 1441(a) "clearly states that an action 'may be removed' to Federal Court . . . the Court's power to remove this case to Federal Court is discretionary."  (Pl. Br. at 1.)  The right to remove a case to federal court, however, is a statutory right given to the defendants, not the Court.  See, e.g., Hudson County Bd. of Chosen Freeholders v. Morales, 581 F.2d 379, 382 (3d Cir. 1978).  Defendants have the "right to resort to a federal forum if they can establish that the jurisdictional requirements have been satisfied." Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938)).

A plaintiff with a cause of action has the right to bring the suit in any state court which has jurisdiction of the subject-matter and of the parties.  Fairview Fluorspar & Lead Co. V. Bethlehem Steel Co., 258 F. 681, 682 (D.C.Pa. 1919). A defendant has the right to have the plaintiff's cause of action removed to federal court, provided that the right of removal is

3

conferred by some act of Congress and the court they seek to remove the case to is proper under the statute. Id. Federal statute 28 U.S.C. § 1446 provides the Defendants with the statutory right to remove the present case to this Court. The fact that the statute states that the case "may" be removed merely grants the Defendants the option to remove or not, but does not confer a similar right of discretion to the Court to decline jurisdiction where removal is otherwise proper.

Plaintiffs' other arguments appear to confuse the notion of subject matter jurisdiction and personal jurisdiction in federal courts. Plaintiffs note that both Defendants "either conduct business in New Jersey or have placed its products into the stream of New Jersey commerce, [and] have more than minimal contacts with New Jersey and the County of Ocean and, therefore, can reasonably anticipate litigating a matter in the Superior Court of this State, specifically in Ocean County." (Pl. Br. at 2.) These concepts are relevant in assessing a court's ability to exercise personal jurisdiction over a non-resident defendant in order to satisfy the requirements of constitutional Due Process. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Personal jurisdiction over the Defendants, however, is not contested by the Defendants, and is not relevant to the issue of whether or not this case can be removed by the Defendants from a New Jersey state court to a federal court in New Jersey.

The Court is satisfied that, based on the uncontested diversity of the parties and the amount in controversy, the jurisdictional requirements set forth in 28 U.S.C. § 1332 are fully met. Because the procedural and jurisdictional requirements for removal to this Court have been established, Plaintiffs' other arguments of inconvenience of litigating in federal courts are not a basis on which to deny Defendants their statutory right to litigate in this forum.

4

### III.  CONCLUSION

For the reasons stated above, and for good cause shown, the Court denies Plaintiffs' Motion in Opposition to Defendants' Notice of Removal .  An appropriate form of order will be filed herewith.


Date:   January 19, 2006


    s/Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.